IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DOROTHY DOWDELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:12-cv-130 (WLS) |
| | : | |
| DOLGENCORP, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant Dolgencorp LLC's Motion for Summary Judgment. (Doc. 25.) For the reasons that follow, the motion is **GRANTED**.

### I.     Procedural Background

This case arises out of Plaintiff Dorothy Dowdell's employment at Dolgencorp LLC ("Dollar General"). Dowdell, a black woman more than 45 years old, was a sales associate with Dollar General until the company fired her in May 2011 for checking herself out at the cash register after store hours. She brought suit against Dollar General alleging the defendant fired her because of her race and age, in violation Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 (ADEA). Dowdell also claims Dollar General cut her hours because of her age and race.

Following discovery, Dollar General moved for summary judgment on all claims. Dollar General asserts Dowdell cannot establish race discrimination because she has failed to produce evidence of a similarly situated person outside of her protected class. Specifically, the defendant notes that Dowdell was replaced by a black employee

1

and another black employee notified management that Dowdell broke company policy. In addition, per Dollar General, Jana Hutcheson, who made the employment decision, testified she has fired black and white employees for breaking the same policy. Dollar General also argues Dowdell cannot show its reason for her termination—that she broke company policy by checking herself out after hours—was a pretext for discrimination.

Dollar General moves for summary judgment on the age discrimination claims for the same reason. In addition, the company notes that Dowdell must show that age was the "but for" reason for her termination under *Gross v. FBL Financial Services*, 557 U.S. 167 (2009), which she cannot show. Dowdell opposes summary judgment by attempting to identify comparators and employees who allegedly were not disciplined for the same infraction.

Having reviewed the briefings, pleadings, and evidence, the Court grants the motion and enters judgment in favor of Dollar General.

II.     **Statement of Facts**

Construed in the light most favorable to Dowdell, the evidence in this case shows the following[1]: Dollar General is a discount retailer of general merchandise. Each store is typically managed by a store manager. Store managers report to district managers, who are responsible for a number of stores in a certain geographical area.

---

[1] Dowdell occasionally states she is "without knowledge" to deny certain facts and therefore denies them. (Doc. 30 ¶¶ 12, 14, 15.) This Court's local rules are clear that "[t]he response that a party has insufficient knowledge to admit or deny is not an acceptable response" and that "[a]ll material facts . . . which are not specifically controverted by specific citation to the record shall be deemed to have been admitted." M.D. Ga. L. R. 56. Dowdell did not comply with Rule 56(d) of the Federal Rules of Civil Procedure. The Court therefore deems admitted those supported facts that Dowdell left uncontroverted.

2

During the times relevant to this lawsuit, Dowdell was a part-time sales associate at the Dollar General store in Leslie, Georgia. Dowdell is a black woman and was born in 1952. Until October 27, 2011, Sondra Fulks was the store manager at her store. Donna Lowther, a white woman born in 1958, became store manager in November 2011, after Fulks was fired. Jana Hutcheson assumed district manager duties for Dowdell's store in March 2011.

On April 21, 2011, after the store had closed and the cash drawers from the registers had been removed, Dowdell attempted to ring herself up for a bottle of fruit juice. She first called a supervisor to help her purchase the drink. When the supervisor did not respond to her call, Dowdell rang herself up and placed the money on the cash register. That night, the only other employee in the store was Lead Sales Associate Cramisia Dice, a black woman.

Sometime after that shift, Dice wrote up Dowdell for checking herself out at the register. By checking herself out after the cash drawer had been pulled, Dowdell caused the store deposit to be incorrect. Dice reported the issue to Lowther, who then reported the issue to Hutcheson. Hutcheson decided to fire Dowdell.

After Dowdell's termination, Dollar General replaced her with another black employee. And several months before her termination, defendant hired Larry Franklin to work at the Leslie store. Franklin is two years older than Dowdell.

In her EEOC charge, Dowdell claims the company reduced her hours in April 2011. Records, however, show that Dowdell earned more in April 2011 than the preceding month.

3

### III. Discussion

#### a. Summary Judgment Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir. 1990). A fact is "material" if it is a legal element of the claim under the applicable substantive law and it might affect the outcome of the nonmoving party's case. *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999); *Celotex Corp.*, 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is

4

a genuine issue for trial." *Id.* at 324.  To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, the nonmoving party must provide "enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986)).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *Celotex Corp.*, 477 U.S. at 322–23; *Allen*, 121 F.3d at 646.  However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

### b. Title VII termination claim

Title VII makes it unlawful for employers to discriminate "with respect to [an employee's] compensation, terms, or privileges of employment" on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1)(a). A plaintiff may prove she received disparate treatment on account of her race or sex through direct or circumstantial evidence. *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000). "Direct evidence is evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) (citation omitted). Where, like here, the plaintiff relies on circumstantial evidence, she may satisfy her burden through

5

the *McDonnell Douglas* burden-shifting framework. *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012).

The *McDonnell Douglas* burden-shifting framework requires the plaintiff to first establish a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Once the plaintiff establishes her *prima facie* case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *Id.*; *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997). If the employer offers a legitimate reason for the decision, the plaintiff must then produce evidence "sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Chapman v. Al Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000).

To establish a prima facie case of disparate treatment under Title VII, the plaintiff must show (1) she belonged to a protected class; (2) she suffered an adverse employment action; (3) her employer treated similarly situated employees outside of her class more favorably than she was treated; and (4) she was qualified for the job. *Burke-Fowler v. Orange County*, 447 F.3d 1319, 1323 (11th Cir. 2006).

Dollar General argues Dowdell cannot establish the third element of her claim. The Court agrees. Dowdell has also not identified a single comparator outside of her protected class. It is undisputed that Dollar General replaced Dowdell with a black employee. Furthermore, Jana Hutcheson, the ultimate decision maker, testified she fired both black and white employees for checking themselves out.

Dowdell claims that sales associate Shebreka Fields and store manager Lowther both violated the same policy and were not disciplined. Neither employee is an appropriate comparator. Fields, like Dowdell, was a black employee, so she cannot serve to satisfy Dowdell's prima facie case. Perhaps in recognition of this problem, Dowdell appears to argue Fields is an appropriate comparator because she has lighter skin. But Dowdell did not allege color discrimination in her complaint, and she cannot inject new theories of the case in a brief opposing summary judgment. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). In addition, Fields testified that Lowther did not know she violated the employee purchase policy, so the fact that she was never disciplined is hardly significant.

Furthermore, the Court agrees with Dollar General that James Bateman's testimony about Lowther is inadmissible. In his "sworn statement," Bateman testified he "heard about Donna [Lowther] ringing up herself," but he admitted he never saw her do it. Dowdell offers this testimony for the truth of the matter asserted, making it rank hearsay. *See* Fed. R. Evid. 801(c). She does not explain how Bateman's testimony could be reduced to admissible form, and certainly nothing in the record indicates it could be. There is, in short, no admissible evidence Dollar General treated employees outside of Dowdell's class differently.

Dowdell has therefore failed to satisfy her prima facie case. And even if Dowdell could satisfy her initial burden, she cannot show that Dollar General's legitimate, non-discriminatory reason for her termination was a pretext for discrimination. In order to show her employer's reasons were a pretext, Dowdell must demonstrate "such

7

weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1265 (11th Cir. 2010). Here, the evidence is undisputed that Dowdell was prohibited by company policy from checking herself out. Dowdell violated that policy—regardless of her reason for doing so—when she purchased a bottle of fruit juice on her own. For those reasons, and for reasons discussed *supra*, Dowdell has not established that Dollar General's reason was a pretext.

    c. **ADEA Termination**

Courts in the Eleventh Circuit analyze ADEA claims under the *McDonnell Douglas* burden-shifting framework. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1333 (11th Cir. 2013). The Court can assume without deciding that Dowdell satisfied her prima facie ADEA case. Once again, she has failed to rebut Dollar General's legitimate, non-discriminatory reason for the adverse action.

"In order to show pretext, the plaintiff 'must demonstrate that the proffered reason was not the true reason for the employment decision . . . [the plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). The plaintiff must "meet that reason head on and

8

rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000).

None of Dowdell's attempts to refute Dollar General's proffered reason for the decision are persuasive. First of all, Dowdell "faces a difficult burden" because Lowther was also "within the class of persons protected by the ADEA," making her an unlikely perpetrator of age discrimination. *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1471 (11th Cir. 1991). Furthermore, Dollar General hired an employee older than Dowdell a month before her termination. "[E]mployers who knowingly hire workers within a protected group seldom will be credible targets for charges of pretextual firing." *Proud v. Stone*, 945 F.2d 796, 798 (4th Cir. 1991).

But regardless of those factors, Dowdell has done nothing more than quarrel with the wisdom of Dollar General's decision. She argues she completed the transaction and simply did not know that the cash drawer had already been pulled. But it is undisputed that company policy prohibited Dowdell from ringing herself up. Dowdell also attempts to show that Hutcheson could have disciplined her in a less severe way. Because federal courts do not operate as "super-personnel departments," it is irrelevant whether the employer's response is fair or unjust so long as it was not discriminatory. *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1266–67 (11th Cir. 2010).

Dowdell gets closer to the mark when she argues that Dollar General did not enforce the employee purchase policy consistently. As she points out, Sondra Fulks, a former manager, testified that the Leslie store did not enforce the employee purchase policy. But "[d]ifferent supervisors may impose different standards of behavior, and a

9

new supervisor may decide to enforce policies that a previous supervisor did not consider important." *Rojas v. Florida*, 285 F.3d 1339, 1343 (11th Cir. 2002). So the fact that Fulks did not enforce the policy, while Lowther did, does not create a genuine issue of fact. And although Fields testified she violated the same policy and was not disciplined, she also admitted that Lowther did not know she checked herself out.

Lastly, Dowdell harps on two statements from Assistant Manager James Bateman's testimony—first, that Lowther was "looking for a reason to get rid of" Dowdell, and, second, that Lowther preferred another employee over Dowdell because she was "younger and faster" at stocking merchandise. Neither of these statements, when returned to their actual context, establishes that Dollar General's reason was a pretext for discrimination. In full, Bateman testified Lowther was "looking for a reason to get rid of Dorothy [Dowdell] and *whoever else she didn't like basically*." Bateman testified at length about how Lowther tried to undermine employees and how she even "turned on" the "younger and faster" employee. Bateman even testified that another employee was fired for violating the same policy as Dowdell. As for Bateman's statement that Lowther thought another employee was "younger and faster," this stray comment is insufficient to show pretext. There is no evidence Lowther's isolated remark was related to Dowdell's termination. Moreover, Bateman explained that Lowther spoke negatively about "every front cashier."

For those reasons, Dowdell has failed to show that Dollar General's reason for her termination was a pretext for discrimination. Therefore, the defendant is entitled to summary judgment on this claim.

### d. Reduction in pay

Dollar General also moves for summary judgment on Dowdell's reduction-in-pay claim. To establish a prima facie case of pay discrimination, a plaintiff must show (1) she was a member of a protected class; (2) she received low wages; (3) similarly situated employees outside of the protected class received higher pay; and (4) she was qualified to receive higher pay. *Gray v. City of Jacksonville, Fla.*, 492 F. App'x 1, 3 (11th Cir. 2012) (citing *Cooper v. Southern Co.*, 390 F.3d 695, 735 (11th Cir. 2004), *overruled on other grounds*, *Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006)).

Plaintiff has failed to identify a comparator outside of her protected class who was treated more fairly or paid more. Dowdell points to Dollar General's April 2011 schedule to show that "Plaintiff was paid for only 57.25 hours, while a white male employee was paid for 73.75 hours, and a female employee over twenty-five years younger than Plaintiff was paid for 76 hours." By trying to prove both age and race discrimination in the same sweep, Dowdell undermined both. The schedule Dowdell references shows that age and race had no correlation among part-time employees for the number of hours worked. The younger female employee Dowdell identified who was paid more was an African American employee, belittling her assertion that the pay deferential was motivated by race. Likewise, a part-time white male employee worked more than Dowdell, but he was two years older than her, undercutting her ADEA claim.

11

Dowdell has not identified any evidence in the record to demonstrate she worked less because of her age or race. Dowdell points to testimony that Lowther cut hours for people she didn't like. Yet it is undisputed that Dowdell worked more in April 2011 and earned more than she did the previous month.

The Court therefore concludes that summary judgment is warranted on this claim.

### IV. Conclusion

For those reasons, Dollar General's Motion for Summary Judgment (Doc. 25) is **GRANTED.** Dollar General's Motion to Compel (Doc. 22) and Motion to Strike (Doc. 33) are **DENIED** as moot.[2]  Judgment shall be entered in favor of the defendant.

**SO ORDERED**, 28th     day of March, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Other than the hearsay testimony in Bateman's statement, the Court considered Bateman's testimony and found it did not create a genuine issue of material fact. The Court therefore need not resolve the motion to strike.